Exhibit A

# Exhibit A

| **Summons** | CIVIL DOCKET NO.<br>2185CV01148 | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

CASE NAME:

*Natalie Corridan - Gregg*

Plaintiff(s)

vs.

*Amazon.com, Inc.*

Defendant(s)

Dennis P. McManus      Clerk of Courts

Worcester      County

COURT NAME & ADDRESS:

Worcester Superior Court
225 Main Street
Worcester, MA 01608

THIS SUMMONS IS DIRECTED TO *Amazon.com, Inc.* (Defendant's name)
*c/o Corp Serva Co.*

**You are being sued.** The Plaintiff(s) named above has started a lawsuit against you. A copy of the Plaintiff's Complaint filed against you is attached to this summons and the original complaint has been filed in the **WORCESTER SUPERIOR** Court.
**YOU MUST ACT PROMPTLY TO PROTECT YOUR RIGHTS.**

1. **You must respond to this lawsuit in writing within 20 days.**

If you do not respond, the court may decide the case against you and award the Plaintiff everything asked for in the complaint. You will also lose the opportunity to tell your side of the story. You must respond to this lawsuit in writing even if you expect to resolve this matter with the Plaintiff. **If you need more time to respond, you may request an extension of time in writing from the Court.**

2. **How to Respond.**

To respond to this lawsuit, you must file a written to response with the court **and** mail a copy to the Plaintiff's Attorney (or the Plaintiff, if unrepresented). You can do this by:

    a) Filing your **signed original** response with the Clerk's Office for Civil Business,    Worcester Superior Court
                             225 Main Street
                       Worcester, MA 01608    (address), by mail or in person **AND**
    b) Delivering or mailing a **copy** of your response to the Plaintiff's Attorney/Plaintiff at the following address:
                                  BENJAMIN C. RUDOLF
                                  Murphy & Rudolf LLP
                              1 Mercantile Street, Suite 740
                              Worcester, MA 01608

3. **What to Include in Your Response.**

An "Answer" is one type of response to a Complaint. Your Answer must state whether you agree or disagree with the fact(s) alleged in each paragraph of the Complaint. Some defenses, called affirmative defenses, must be stated in your Answer or you may lose your right to use them in court. If you have any claims against the Plaintiff (referred to as **counterclaims**) that are based on the same facts or transaction described in the Complaint, then you must include those claims in your Answer. Otherwise, you may lose your right to sue the Plaintiff about anything related to this lawsuit. If you want to have your case heard by a jury, you must **specifically** request a jury trial in your court no more than 10 days after sending your Answer.

*A TRUE COPY ATTEST*

*Constable Boston, MA*

*10/27/21*

3 (cont). You can also respond to a Complaint by filing a **"Motion to Dismiss,"** if you believe that the complaint is legally invalid or legally insufficient. A Motion to Dismiss must be based on one of the legal deficiencies or reasons listed under **Mass. R. Civ. P. 12**. If you are filing a Motion to Dismiss, you must also comply with the filing procedures for "Civil Motions" described in the rules of the Court in which the complaint was filed, available at:

www.mass.gov/courts/case-legal-res/rules_of_court

### 4. Legal Assistance.

You may wish to get legal help from a lawyer. If you cannot get legal help, some basic information for people who represent themselves is available at www.mass.gov/courts/selfhelp.

### 5. Required Information on All Filings:

The "civil docket number" appearing at the top of this notice is the case number assigned to this case and must appear on the front of your Answer or Motion to Dismiss. You should refer to yourself as the "Defendant."

Witness Hon.  Heidi E. Brieger _____ , Chief Justice on _____ , 20____ . (Seal)

Clerk-Magistrate _____

Note: The number assigned to the Complaint by the Clerk-Magistrate at the beginning of the lawsuit should be indicated on the summons before it is served on the Defendant.

---

PROOF OF SERVICE OF PROCESS

I hereby certify that on _____ . I served a copy of this summons, together with a copy of the complaint in this action, on the defendant named in this summons, in the following manner (See Mass. R. Civ. P. 4(d)(1-5)):

_____

_____

_____

Dated: _____          Signature: _____

**N.B.   TO PROCESS SERVER:**

PLEASE ENTER THE DATE THAT YOU MADE SERVICE ON THE DEFENDANT IN THIS BOX - BOTH ON THE ORIGINAL SUMMONS AND ON THE COPY OF THE SUMMONS SERVED ON THE DEFENDANT.

Date: 10/27/21

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss
                                SUPERIOR COURT DEPT OF THE
                                TRIAL COURT NO.

|  |  |
|---|---|
| NATALIE CORRIDAN-GREGG, | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| AMAZON.COM, INC., | ) |
| Defendant | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### Parties, Jurisdiction and Venue

1.  Plaintiff Natalie Corridan-Gregg ("Plaintiff") is a woman residing at 181 Maple Ave., Shrewsbury, MA 01545.

2.  Defendant Amazon.com, Inc. is a Delaware corporation that does business as Amazon Web Services ("AWS") throughout the world, including in Massachusetts, and has a business address of 27 Melcher Street, Boston, MA 02210.

3.  Massachusetts has jurisdiction over the parties pursuant to M.G.L. c. 223A § 2.

4.  This Court has jurisdiction over this matter pursuant to M.G.L. c. 212 § 4.

5.  Venue is appropriate because the Plaintiff resides in Worcester County and works for AWS remotely from Worcester County.

### Facts

6.  AWS is a subsidiary of Amazon that provides cloud computing services to individuals and businesses.

7.      Plaintiff began working for AWS on or about April 22, 2019.

8.      AWS agreed to pay Plaintiff a salary in addition to certain other forms of compensation and benefits.

9.      As part of Plaintiff's compensation and benefits package, AWS agreed to grant her a Restricted Stock Unit (RSU) award of 358 shares of Amazon.com, Inc. stock, which will vest and convert into common stock at regular intervals over four years.

10.      Specifically, AWS agreed that Plaintiff's RSU award would vest and convert into common stock on the following schedule: 5% of the award on the 15th day of the month in which she reached her first anniversary of employment; an additional 15% on the 15th day of the month in which she reached her second anniversary of employment; and an additional 20% every six months thereafter, until fully vested.

11.      Plaintiff performed very well in her position according to both objective and subjective criteria.

12.      In January 2021 Plaintiff had a series of communications with her supervisors and Human Resources representatives at AWS concerning the lack of support and feedback she was receiving for her position, as well as concerns she had raised previously about gender and racial diversity in management positions.

13.      Towards the end of those communications, AWS took the position that Plaintiff was voluntarily resigning her position.

14.      On or about January 29, 2021 Plaintiff sent an email explicitly clarifying that she was not resigning her position.

2

15. Nevertheless, on or about February 8, 2021 Plaintiff received a video call from a Human Resources representative and her "skip level" manager in which she was told that she was in fact resigning and February 12, 2021 would be her last day.

16. Only after Plaintiff escalated the issue to an upper-level manager at AWS did the company finally confirm that she would be remaining in her position.

17. Despite this confirmation, AWS set in motion payroll changes consistent with a voluntary termination of employment.

18. As a result of AWS' misperception that she had resigned, Plaintiff received a one-time electronic payout of her accrued sick and vacation time.

19. When Plaintiff was subsequently "reinstated" as an AWS employee, the electronic payment was reversed.

20. Although it had reversed the payment, AWS then proceeded to make deductions from Plaintiff's pay to "reimburse" itself for the erroneous payout.

21. These improper deductions, which Plaintiff had not authorized, continued for weeks.

22. Separately, on or about April 8, 2021 Plaintiff notified AWS that she intended to take medical leave starting May 3, 2021.

23. In notifying AWS of her intention to take leave, Plaintiff explicitly referred to the Massachusetts Paid Family and Medical Leave Act (PFML), M.G.L. c. 175M § 1 *et seq.* as well as to the federal Family and Medical Leave Act (FMLA).

24. Due to the company's unfamiliarity with the PFML, despite its having provided Plaintiff with a notice required by the law in 2019, Plaintiff received contradictory and confusing messages about her leave rights.

3

25.   Ultimately, Plaintiff successfully applied for PFML in April 2021 and received the state-paid benefits from May 3 through August 17, 2021.

26.   However, AWS would not allow Plaintiff to use accrued sick or vacation time during the 7-day elimination period required by the PFML.

27.   Moreover, AWS continued to refer to Plaintiff's leave as either "short-term disability leave" or "FMLA."

28.   Pursuant to its own policies, AWS supplemented Plaintiff's PFML benefits with its own leave payments.

29.   However, AWS informed Plaintiff that as a result of her taking PFML, the scheduled vesting of 20% of her RSU stock which would otherwise have occurred on or about October 15, 2021 would instead occur in January 2022.

30.   The delay in this scheduled vesting will also delay the vesting of other portions of Plaintiff's RSU award.

31.   The delay in this scheduled vesting has caused and will cause Plaintiff substantial lost opportunity cost.

32.   Plaintiff's PFML benefits period ended August 3, 2021 and she initially intended to return to work that day.

33.   Ultimately, Plaintiff's leave was extended through August 17, 2021 with a planned return to work on a "reduced leave" basis from August 18-25 followed by a full return to work with accommodations from August 26 through the end of calendar year 2021.

34.   The accommodations Plaintiff requested, and which AWS accepted, were for her work hours to be limited to 40 per week and for her to be given adequate time for breaks and medical appointments.

4

35.   As Plaintiff's return date approached, however, it became clear that AWS intended to treat her employment status differently for an indefinite period.

36.   On or about August 13, 2021 Plaintiff was informed that upon her return she would not be considered a "manager of managers," as she had been before, and that she would not be a manager at all when she returned to work but rather an "Individual Contributor."

37.   AWS failed to complete Plaintiff's accommodation paperwork timely, and failed to provide her with details concerning her return to work.

38.   It was not until August 17, 2021, the day Plaintiff returned on a "reduced leave" basis, that AWS provided her with its "ramp back" plan for her return to work.

39.   Upon her return, and despite AWS' assurances that her job title remained the same, Plaintiff's employee profile identified her as an Individual Contributor.

40.   For Plaintiff to be classified as an Individual Contributor was a clear demotion from her previous classification, which had entitled her to higher levels of permission and access within the company.

41.   When Plaintiff inquired about the inconsistency between her job title and her internal classification, she was given only vague answers.

42.   When Plaintiff returned to work full time, she encountered a work environment hostile to her agreed-upon accommodations.

43.   Even after meeting with Plaintiff to discuss her accommodations, which included scheduling breaks to account for medical appointments twice a week that were clearly reflected in Plaintiff's shared calendar, Plaintiff's supervisor scheduled a recurring weekly staff meeting that conflicted with Plaintiff's Tuesday appointments with her doctor.

44.    .Plaintiff's accommodation request clearly indicated that her medical appointments were
       critical to her continued health.

45.    When Plaintiff contacted her supervisor about the scheduling conflict, her supervisor
       responded with hostility and insisted that Plaintiff make arrangements with her
       supervisor's administrative assistant.

46.    Shortly after Plaintiff's return to work full time she was informed that she would be
       reporting to a new Head of Cloud Intelligence who had just been hired, contrary to the
       org chart that had been provided to her when she initially returned to work showing
       Plaintiff as the Head of Cloud Intelligence.

47.    This reorganization constituted a clear demotion from Plaintiff's prior role, despite the
       company's assertions to the contrary.

48.    Plaintiff's replacement as the Head of Cloud Intelligence is a younger man with
       significantly less relevant experience than Plaintiff.

## COUNT I
## Violations of M.G.L. c. 175M §§ 3 and 9

49.    Plaintiff realleges and incorporates the foregoing paragraphs of the Complaint as if fully
       set forth herein.

50.    By refusing to allow Plaintiff to use her accrued sick and vacation time at the beginning
       of her PFML period, AWS violated M.G.L. c. 175M § 3(a) and interfered with her right
       to exercise leave pursuant to the statute.

51.    By deferring the vesting of Plaintiff's RSUs based on her use of PFML benefits, AWS
       violated M.G.L. c. 175M § 9 and interfered with her right to exercise leave pursuant to
       the statute.

6

52.  AWS has retaliated against Plaintiff for exercising her PFML rights by altering the terms and circumstances of Plaintiff's employment in ways disadvantageous to her, including but not limited to her demotion.

53.  Pursuant to M.G.L. c. 175M § 9, Plaintiff is entitled to relief including but not limited to reinstatement to the position she held prior to the company's retaliation; compensation in an amount equal to three times her lost wages, benefits and other remuneration and the interest thereon; and an award of her reasonable costs and attorneys' fees incurred.

## COUNT II
### Violations of M.G.L. c. 149 § 148

54.  Plaintiff realleges and incorporates the foregoing paragraphs of the Complaint as if fully set forth herein.

55.  Through its conduct described in the foregoing paragraphs, AWS violated the Massachusetts Wage Act, M.G.L. c. 149 § 148, by making unauthorized and improper deductions from Plaintiff's paycheck.

56.  To the extent the RSU compensation constituted a wage for purposes of the Massachusetts Wage Act, AWS also violated that statute by deferring the vesting of Plaintiff's RSUs as a result of her exercising her PFML rights.

57.  Pursuant to M.G.L. c. 149 § 150, AWS is liable to Plaintiff for the full amount of her damages proven at trial, multiplied by three, as well as her reasonable attorneys' fees and costs incurred.

## COUNT III
### Breach of Contract

58.  Plaintiff realleges and incorporates the foregoing paragraphs of the Complaint as if fully set forth herein.

7

59.     Through its actions described herein, including but not limited to the deferment of her RSU vesting and its violation of Plaintiff's agreed-upon accommodations plan, AWS has breached its contract with Plaintiff.

60.     AWS is liable to Plaintiff for her damages incurred as a result of its breach of contract.

## COUNT IV
### Breach of the Implied Covenant of Good Faith and Fair Dealing

61.     Plaintiff realleges and incorporates the foregoing paragraphs of the Complaint as if fully set forth herein.

62.     Through its actions described above, including but not limited to the deferment of her RSU vesting and its violation of Plaintiff's agreed-upon accommodations plan, AWS has breached the covenant of good faith and fair dealing implied in its contract with Plaintiff.

63.     AWS is liable to Plaintiff for her damages incurred as a result of its breach of the implied covenant of good faith and fair dealing.

WHEREFORE, the Plaintiff respectfully requests that the Court provide her with the following relief:

A)  Award her the total amount of her compensatory damages, trebled;

B)  Award her the total amount of her unpaid wages, trebled;

C)  Award her reasonable attorneys' fees and costs incurred;

D)  Order her reinstatement to her prior position; and/or

E)  Award her such other and further relief as the Court deems appropriate.

**THE PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL ISSUES SO TRIABLE.**

8

Respectfully Submitted,

Plaintiff Natalie Corridan-Gregg
By her attorney,


/s/ Benjamin C. Rudolf
Benjamin C. Rudolf, BBO#667695
Murphy & Rudolf, LLP
One Mercantile Street, Suite 740
Worcester, MA 01608
p. (508) 425-6330
f. (508) 536-0834
brudolf@murphyrudolf.com

Dated: October 22, 2021

9

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts The Superior Court |
|---|---|---|
| | | COUNTY  Worcester |

| | |
|---|---|
| Plaintiff: Natalie Corridan-Gregg | Defendant: Amazon.com, Inc. |
| ADDRESS: 181 Maple Ave., Shrewsbury, MA 01545 | ADDRESS: 27 Melcher Street, Boston, MA 02210 |
| Plaintiff Attorney: Benjamin C. Rudolf | Defendant Attorney: |
| ADDRESS: Murphy & Rudolf, LLP 1 Mercantile Street, Suite 740, Worcester MA 01608 | ADDRESS: |
| BBO: 667695 | BBO: |

**TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A04 | Employment Contract | F | ☑ YES  ☐ NO |

*If "Other" please describe: _____

Is there a claim under G.L. c. 93A?   ☐ YES  ☑ NO     Is there a class action under Mass. R. Civ. P. 23?  ☐ YES  ☑ NO

**STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A**

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date
1. Total hospital expenses
2. Total doctor expenses
3. Total chiropractic expenses
4. Total physical therapy expenses
5. Total other expenses (describe below)

Subtotal (1-5): $0.00

B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical and hospital expenses
E. Reasonably anticipated lost wages
F. Other documented items of damages (describe below)

TOTAL (A-F): $0.00

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

**CONTRACT CLAIMS**

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | Violations of M.G.L. c. 175M §§ 3 and 9; Violations of M.G.L. c. 149 § 148; Breach of Contract; Breach of the Implied Covenant of Good Faith and Fair Dealing | $200,000 + |
| | Total | $200,000 + |

Signature of Attorney/Unrepresented Plaintiff: X /s/ Benjamin C. Rudolf     Date: October 22, 2021

RELATED ACTIONS: Please provide the case number, case name, and county of any related actions pending in the Superior Court.

**CERTIFICATION PURSUANT TO SJC RULE 1:18**

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X /s/ Benjamin C. Rudolf     Date: October 22, 2021

| TRIAL COURT OF MASSACHUSETTS | NOTICE OF APPEARANCE | |
|---|---|---|
| **COURT DEPARTMENT**<br>SUPERIOR | **DIVISION OR COUNTY**<br>WORCESTER | **COURT USE ONLY** |

**CASE NAME**

*[In Matter of]*

Natalie Corridan-Gregg

*[v.]*

Amazon.com, Inc.

| | DOCKET NUMBER |
|---|---|

**TO THE CLERK- MAGISTRATE / RECORDER / REGISTER:**

Please enter my appearance in the above-named matter

☐ for myself.

◉ as attorney for  Natalie Corridan Gregg
_____

(Name(s))

| NAME (FIRST, MIDDLE, LAST)<br>Benjamin C. Rudolf | B.B.O. NUMBER (IF APPLICABLE)<br>667695 |
|---|---|
| FIRM OR AGENCY NAME (IF APPLICABLE)<br>Murphy & Rudolf, LLP | OFFICE OR HOME PHONE NUMBER<br>(508) 425-6330 |
| | MOBILE PHONE NUMBER |
| STREET ADDRESS<br>1 Mercantile Street, Suite 740 | APT/UNIT # | FAX NUMBER |

| CITY/TOWN<br>Worcester | STATE<br>MA | ZIP CODE<br>01608 | E-MAIL ADDRESS<br>brudolf@murphyrudolf.com |
|---|---|---|---|
| DATED<br>10/22/2021 | SIGNATURE<br>X /s/ Benjamin C. Rudolf | | |

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, ss                              SUPERIOR COURT DEPT OF THE
                                          TRIAL COURT NO.

|                              |   |
|------------------------------|---|
| NATALIE CORRIDAN-GREGG,      | ) |
|                              | ) |
|          Plaintiff           | ) |
|                              | ) |
| v.                           | ) |
|                              | ) |
| AMAZON.COM, INC.,            | ) |
|                              | ) |
|          Defendant           | ) |

## MOTION TO APPOINT SPECIAL PROCESS SERVER UNDER RULE 4C OF THE MASSACHUSETTS RULES OF CIVIL PROCEDURE

The Plaintiff moves this Honorable Court to appoint FRANCIS J. TRAPASSO

AND/OR HIS/HER AGENTS, a Constable/Process Server and a qualified and knowledgeable

person in the service of court process and not a party to the action, a disinterested person who is

over 18 to be specially appointed by the court to serve the process in this action under the

provision of Rule 4C of the Massachusetts Rules of the civil procedure in order to assure a

substantial savings in time.

Respectfully Submitted,
Plaintiff Natalie Corridan-Gregg,
By her attorney,


/s/ Benjamin C. Rudolf
Benjamin C. Rudolf, Esq.
BBO# 667695
Murphy & Rudolf, LLP
1 Mercantile Street, Suite 740
Worcester, MA 01608
T: (508) 425 – 6330
F: (508) 536 – 0834
Dated: October 22, 2021                    rudolf@murphyrudolf.com

2

ORDER OF THE COURT APPOINTING A SPECIAL PROCESS SERVER

PURSUANT TO RULE 4C, IT IS ORDERED THAT FRANCIS J. TRAPASSO AND/OR

HIS/HER AGENTS IS HEREBY APPOINTED A SPECIAL PROCESS SERVER FOR THE

ABOVE CAPTIONED CAUSE.

By: _____

Attest: _____

Court:   Worcester Superior Court

Date:   10|25|21

Notices Mailed   10|26|21

3